# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-146V

|  |  |
|---|---|
| JOEL MILES,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 20, 2023 |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C.,* Milwaukee, WI, for Petitioner.

*Sarah Black Rifkin,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 11, 2020, Joel Miles filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on March 16, 2017. Petition, ECF No. 1. On November 28, 2022, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 49.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $76,947.65 (representing $61,043.00 for fees and $15,904.65 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed May 30, 2023, ECF No. 54. In

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 54-1.

Respondent reacted to the motion on June 14, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 55. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

I note this case required additional briefing regarding the issue of entitlement and damages. *See* Status Report, filed July 29, 2021, ECF No. 32 (reporting an impasse on resolving damages); Petitioner's Motion for a Ruling on the Record, filed Nov. 24, 2021, ECF No. 36; Petitioner's Reply to Respondent's Brief on Damages, filed Jan. 12, 2022, ECF No. 46. Petitioner's counsel expended approximately 16.40 hours drafting the motion for a ruling on the record and 7.20 hours drafting the reply brief. Attachment to Motion at 15-17. I find this amount of time to be reasonable, especially given that this case involved a GBS injury.

Lastly, Petitioner has provided supporting documentation for all claimed costs and Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$76,947.65 (representing $61,043.00 for fees and $15,904.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jerome A. Konkel.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.